NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONGLIN LIU, | No. 18-72208 |
| Petitioner, | Agency No. A206-851-801 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2020**
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Honglin Liu, a native and citizen of China, petitions for review of a decision

of the Board of Immigration Appeals ("BIA") dismissing his appeal from an order

of an immigration judge ("IJ") denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Liu

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

contends that he and his wife were harmed by the Chinese government's enforcement of population control programs, including when his wife was forced to obtain an abortion in 1996 and then to be sterilized in 2001. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's[1] adverse credibility determination. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) (explaining that, in applying the substantial evidence standard, "[w]e reverse the BIA's decision only if the petitioner's evidence was 'so compelling that no reasonable factfinder could find that he was not credible'" (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003))). The record supports the agency's finding that Liu falsely stated on his asylum application that he had not served in the Chinese military and failed to make a sufficiently timely correction to that application. *See Li v. Holder*, 738 F.3d 1160, 1163-67 (9th Cir. 2013) (explaining that the IJ and BIA may "disbelieve a witness's entire testimony if the witness makes a *material* and *conscious* falsehood in one aspect of his testimony"). The record also supports the agency's finding that there were inconsistent and implausible aspects of Liu's testimony about the date of his marriage, the date of his marriage registration, and

---

[1] "Where, as here, the [BIA] incorporates the IJ's decision into its own without citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), this court will review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We refer to the BIA and the IJ collectively as "the agency."

the dates and process through which he obtained household registrations for his family members.

Because "we must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence," and the evidence does not compel a conclusion contrary to the agency's with respect to the grounds discussed above, we need not address the additional reasons the agency provided in support of its adverse credibility determination. *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). And in the absence of Liu's discredited testimony, Liu has not shown that he is entitled to asylum, withholding of removal, or CAT protection. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).[2]

**PETITION DENIED.**

---

[2] We need not address the Government's argument that Liu's petition for review is limited to challenging the agency's denial of asylum, and that he therefore forfeited any challenges to the denial of withholding of removal and CAT protection. Liu's petition for review urges us to overturn the agency's adverse credibility determination. Because we reject Liu's arguments for doing so, and because his withholding of removal and CAT claims depend on crediting his testimony, it is unnecessary for us to determine which claims would have been preserved if we had reached a different conclusion about credibility.

3